IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SYSINFORMATION HEALTHCARE
SERVICES, LLC d/b/a EQUALIZERCM
SERVICES

    Plaintiff,

vs.

PAULS VALLEY HOSPITAL AUTHORITY
d/b/a PAULS VALLEY GENERAL HOSPITAL

    Defendant.
_____/

CIV-18-152-SLP

## COMPLAINT

Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES, by and through its undersigned counsel, sues Defendant, PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL, stating as follows:

### IDENTIFICATION OF THE PARTIES

1. Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES ("Plaintiff") is a Texas limited liability company that maintains its principal place of business in Austin, Texas.

2. Defendant, PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL ("Defendant") is an Oklahoma public trust that maintains its principal place of business in Pauls Valley, Oklahoma.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b), as Defendant resides in the Western District of Oklahoma, a substantial part of Defendant's conduct and the events giving rise to Plaintiff's claims occurred in the Western District of Oklahoma, and/or the parties have agreed that venue is proper in this Court.

## GENERAL ALLEGATIONS

5. **Termination Agreement.** On or about November 18, 2013, Plaintiff and Defendant entered into a series of agreements, including the EqualizeRCM Services Master Service Agreement and the Business Associate Agreement (collectively, the "Services Agreements").

6. On or about April 11, 2017, Plaintiff and Defendant entered into that certain agreement entitled Termination Agreement (the "Termination Agreement"), whereby the Services Agreements were terminated. Pursuant to the Termination Agreement, Defendant agreed to pay Plaintiff $336,145.91 for outstanding indebtedness owed under the Services Agreements. A true and correct copy of the Termination Agreement is attached hereto as **Exhibit A** and is incorporated by reference herein.

7. **Promissory Note and Security Agreement.** On April 11, 2017, Plaintiff and Defendant memorialized the indebtedness owed under the Termination Agreement and entered into that certain agreement entitled Promissory Note (the "Promissory Note") in the principal amount of $336,145.91. A true and correct copy of the Promissory Note is attached hereto as **Exhibit B** and is incorporated by reference herein.

8. As security for the Promissory Note, on April 11, 2017, Defendant executed that certain agreement entitled Security Agreement (the "Security Agreement") in favor of Plaintiff, creating a security interest (the "Security Interest") in the property of Defendant described in Attachment 1 to the Security Agreement (the "Collateral"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit C** and is incorporated by reference herein.

9. The Security Interest was perfected by filing a UCC-1 Financing Statement with the state of Oklahoma. A true and correct copy of the UCC-1 Financing Statement is attached hereto as **Exhibit D** and is incorporated by reference herein.

10. **Defendant Defaults under the Promissory Note and Security Agreement.** Pursuant to the terms of the Promissory Note, Defendant was obligated to make payments by the date(s) specified the in the schedule of payments attached as Exhibit A to the Promissory Note.

11. Defendant failed to make the scheduled final balloon payment due on December 1, 2017.

12. In addition to the payment schedule in the Promissory Note, the Termination Agreement and Promissory Note require Defendant to immediately notify Plaintiff of any funds received through its participation in the Upper Limit government program and within 15 days pay to Plaintiff the lesser of: (1) 50% of the amount received from the UPL program or (2) the amount necessary to pay of the entire balance owed under the Promissory Note. Termination Agreement, ¶ 3; Promissory Note, p. 1. Further, by the fifth day of each month, Defendant was required to provide a written report to Plaintiff setting forth the amount of UPL funds received by Defendant during the preceding month (the "UPL Reports"). *Id.*

13. The Termination Agreement and Promissory Note also require Defendant to immediately notify Plaintiff of any funds it collected related to certain lab tests performed at the

hospital ("Lab Test Funds") and within 15 days pay to Plaintiff the lesser of: (1) 50% of the amount received from the Lab Test Funds or (2) the amount necessary to pay of the entire balance owed under the Promissory Note. Termination Agreement, ¶ 3; Promissory Note, p. 1. Further, by the fifth day of each month, Defendant was required to provide a written report to Plaintiff setting forth the amount of Lab Test Funds received by Defendant during the preceding month (the "Lab Test Reports"). *Id.*

14. Defendant failed to notify Plaintiff of any UPL funds or Lab Test Funds received, failed to remit any UPL funds or Lab Test Funds to the Plaintiff, and failed to provide UPL Reports or Lab Test Reports to Plaintiff.

15. As a result of the above referenced defaults, and in accordance with the terms of the Promissory Note, Plaintiff has elected to accelerate all sums due, and to declare the entire balance due under the Promissory Note to be immediately due and payable.

16. All conditions precedent to this action have been performed, satisfied or waived.

17. Plaintiff was forced to retain the undersigned counsel and has agreed and obligated itself to pay a reasonable fee for their services.

## COUNT I – BREACH OF PROMISSORY NOTE

18. Plaintiff hereby realleges and reaffirms paragraphs 1 through 17 above as if fully set forth herein.

19. Plaintiff and Defendant entered into the Promissory Note.

20. Defendant breached the Promissory Note by failing to:

    a. Make the payments due to Plaintiff under the Promissory Note's terms;

    b. Pay the required amount of UPL funds to Plaintiff;

    c. Pay the required amount of Lab Test Funds to Plaintiff;.

  d. Provide the UPL Reports to Plaintiff; and

  e. Provide the Lab Test Reports to Plaintiff.

21. As a direct and proximate result of Defendant's breach of the Promissory Note, Plaintiff has been damaged.

WHEREFORE, Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES, respectfully requests that the Court enter judgment against Defendant, PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL, as follows:

 (a) Awarding Plaintiff damages in excess of $75,000, exclusive of costs, interest and attorney's fees, in an amount to be proven at trial;

 (b) Awarding Plaintiff's prejudgment and post-judgment interest on the damages it proves;

 (c) Awarding Plaintiff's attorney's fees pursuant to the terms of the Promissory Note; and

 (d) Awarding Plaintiff such other and further relief as is deemed just and proper.

## COUNT II – FORECLOSURE OF SECURITY INTEREST

22. Plaintiff hereby realleges and reaffirms paragraphs 1 through 17 above as if fully set forth herein.

23. Plaintiff has a Security Interest for which it now seeks to foreclose.

24. Defendant is in default of the Promissory Note by virtue of its failure to:

  a. Make the payments due to Plaintiff under the Promissory Note's terms;

  b. Pay the required amount of UPL funds to Plaintiff;

  c. Pay the required amount of Lab Test Funds to Plaintiff;

    d.    Provide the UPL Reports to Plaintiff; and

    e.    Provide the Lab Test Reports to Plaintiff.

25. Defendant owns and holds title to the Collateral identified in the Security Agreement.

26. As a result of said breach, Plaintiff is now entitled to foreclosure on its Security Interest.

WHEREFORE, Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES, respectfully requests that the Court enter judgment against Defendant, PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL, as follows:

(a) Foreclosing the Security Agreement;

(b) Directing that possession of the Collateral be given to Plaintiff;

(c) Directing the sale of the Collateral to satisfy Plaintiff's claims;

(d) Determining that the title, right and interest of Defendant in the Collateral is subordinate to Plaintiff's Security Interest;

(e) Granting a deficiency judgment against Defendant if the proceeds from the sale of the Collateral are insufficient to pay Plaintiff's claim, including attorneys' fees and costs; and

(a) Awarding Plaintiff such other and further relief as is deemed just and proper.

Dated this 13th day of February, 2018.

                Respectfully submitted,

                **REYNOLDS, RIDINGS, VOGT & McCART, P.L.L.C.**
                s/ James Vogt (#9243)
                *Counsel for Plaintiff*
                101 Park Avenue, Suite 1010
                Oklahoma City, OK 73102
                405-232-8131
                405-232-7911 Fax
                jimvogt@rrvmlaw.com


                **TRIPP SCOTT, P.A.**
                *Counsel for Plaintiff*
                110 S.E. Sixth Street
                Fifteenth Floor
                Fort Lauderdale, Florida 33301
                Tel.:   (954) 525-7500
                Fax:   (954) 761-8475

                Charles M. Tatelbaum, Esq.
                Florida Bar No. 177540
                E-Mail: cmt@trippscott.com
                Jesse R. Cloyd, Esq.
                Florida Bar No. 58388
                Email:  jrc@trippscott.com