IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYSINFORMATION HEAL THCARE SERVICES, LLC d/b/a EQUALIZER CM SERVICES,<br><br>    Plaintiffs,<br><br>v.<br><br>PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL<br><br>    Defendants. | Case No. CIV -18-152-SLP |

# DEFENDANT'S MOTION TO DISMISS
# FOR FAILURE TO JOIN INDISPENSABLE PARTY
# AND SUPPORTING BRIEF

Because the plaintiff has failed to join necessary parties (one of which destroys diversity jurisdiction), the defendant moves, pursuant to F.R.C.P. 12(b)(7) and 19(b), that this case be dismissed.

**Facts**

1. The claimed basis for jurisdiction in this case is diversity (*see* Complaint (Doc. 1), ¶ 3), with the plaintiff being a Texas LLC (*see* Complaint (Doc. 1), ¶ 1) and the defendant being an Oklahoma public trust (*see* Complaint (Doc.1), ¶ 2).

2. The plaintiff is a secured creditor of the defendant, with the plaintiff claiming a security interest in the following collateral:

> All right, title, interest, claims and demands of Company in and to the Company's personal property, including, without limitation, the following:
> (i) All Accounts;
> (ii) All Chattel Paper;
> (iii) All Commercial Tort Claims listed on Exhibit A;
> (iv) All Deposit Accounts and cash;
> (v) All Documents;
> (vi) All Equipment;
> (vii) All General Intangibles;
> (viii) All Goods;
> (ix) All Instruments;
> (x) All Intellectual Property;
> (xi) All Inventory;
> (xii) All Investment Property;
> (xiii) All Letter-of-Credit Rights
> (xiv) To the extent not otherwise included, all Proceeds and products of any and all of the foregoing, and all accessions to, substitutions and replacements for, and rents and profits of each of the foregoing.

See Complaint (Doc. 1), ¶¶ 7-8 and the second page of Exhibit C of the Complaint.

3. The plaintiff seeks to foreclose its security interest the in the collateral. *See* Complaint (Doc. 1), Count II.

4. Another creditor of the defendant is **Newlight Healthcare, LLC**, a Texas limited liability company, which claims a security interest in all "accounts, accounts receivable, contract rights, bills, acceptances, and other forms of obligation arising out of the sale, lease or consignment of goods or the rendition of services by the Debtor". *See* **Exhibit 1**. It is clear from this exhibit and exhibits attached to the Complaint that both the plaintiff and Newlight Healthcare, LLC, claim an interest in such collateral.

5. Another creditor of the defendant is **First United Bank & Trust Co.** (an Oklahoma banking corporation), which claims a security interest in "CHATTEL PAPER, CONTRACT RIGHT, PERSONAL PROPERTY

INCLUDED IN THE TRUST."[1] *See* **Exhibit 2**. It is clear from this exhibit and exhibits attached to the Complaint that both the plaintiff and First United Bank & Trust Co. claim an interest in such collateral.

6. Another creditor of the defendant is **Pauls Valley National Bank** (an Oklahoma banking corporation), which claims a security interest in "All of Debtor's right, title and interest in and to all Chattel paper, contract rights, receipts and revenues assigned and pledged pursuant to a Loan Agreement dated as of December 21, 2017." *See* **Exhibit 3**. It is clear from this exhibit and exhibits attached to the Complaint that both the plaintiff and First United Bank & Trust Co. claim an interest in such collateral.

7. Contrary to the requirement of F.R.C.P. 19(c), the plaintiff has failed to identify these other creditors and to plead the reasons for nonjoinder of these other creditors.

## Argument and Authorities

**PROPOSITION: THE INFEASIBILITY OF JOINING OTHER CREDITORS (WHO ARE INDISPENSABLE PARTIES) MANDATES DISMISSAL OF THIS ACTION.**

When feasible, persons or entities should be joined when their absence will either materially reduce the likelihood that the court can provide justice for those already parties or be detrimental to the non-parties themselves. *See, e.g., Hammond v. Clayton*, 83 F.3d 191, 195 (7th Cir. 1996) ("Rule 19 is designed to protect the interests of absent persons, as

---

[1] As is noted in Fact 1, the defendant is a public trust.

well as those already before the court, from duplicative litigation, inconsistent judicial determinations, or other practical impairment of their legal interests").

The use of Rule 19 requires a district court to consider up to three questions. **First**, the court must determine whether the person should be joined under the standard of Rule 19(a). If the court concludes there is no need to join the person, the analysis will end at that point. If, on the other hand, the court concludes that the person ought to be joined under a provision of Rule 19(a), the court must then answer a **second** question: whether the person may feasibly be joined. This second question implicates the issues of jurisdiction and venue. If a person who ought to be joined (under Rule 19(a)) is eligible to be joined, the court will order joinder, and the case will proceed with the addition of the joined party. However, if under this second analysis the person cannot be joined, the court will proceed to the **third** question, which requires the court to apply the requirements of Rule 19(b) to determine whether the action may appropriately proceed without the unjoined person, or whether the action must be dismissed because the court cannot administer justice in the person's absence. Each of these questions is addressed below.

### A. SEVERAL NON-PARTY CREDITORS ARE REQUIRED TO BE JOINED UNDER F.R.C.P. 19(a)(1)(B)(1).

The creditors identified above in Facts 4, 5 and 6 (and any other creditors having a claim to the plaintiff's collateral) are required to be joined because those creditors claim an interest in the plaintiff's collateral and they are situated so that disposing of this action (involving the plaintiff's claim to be the sole creditor entitled to foreclosure of a security

interest in the plaintiff's collateral) will, as a practical matter, impair or impede those creditors' abilities to protect their interests in the collateral.

The plaintiff's collateral is a fund, or source, out of which the defendant's creditors who have security interests in the collateral may be paid. "It is well established under Rule 19 that all claimants to a fund must be joined to determine the disposition of that fund." *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997). Furthermore, all of these non-party creditors (like the plaintiff) contracted with the defendant to obtain rights in the collateral. As a contracting party, each creditor "is the paradigm of an indispensable party." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 252 (4th Cir. 2000).

### B. NOT ALL CREDITORS CAN BE FEASIBLY JOINED.

As is noted in Fact 4, non-party Newlight Healthcare, LLC, is a Texas LLC. Thus, if Newlight were joined, there would no longer be complete diversity between the plaintiff (a Texas entity)[2] and the defendants (which would then include Newlight Healthcare, LLC, a Texas entity).[3]

### C. THE ACTION MUST BE DISMISSED BECAUSE THE COURT CANNOT ADMINISTER JUSTICE IN THE ABSENCE OF ANY OF THE CREDITORS WHICH HAVE AN INTEREST IN THE PLAINTIFF'S COLLATERAL.

F.R.C.P. requires that this Court consider four factors in determining whether to dismiss a case for failure to joint an indispensable party. The first factor ("the extent to which a judgment rendered in the [non-party creditors'] absence might prejudice [those

---

[2] See Fact 1.
[3] See Fact 4.

non-party creditors] or the existing parties") weighs clearly in favor of dismissal because, without those creditors as parties, a judicial determination as to the rights to the plaintiff's collateral would deprive those creditors of their property rights without due process of law.

The second factor ("the extent to which any prejudice could be lessened or avoided") also militates in favor of dismissal because there simply is no way to protect the rights and interests of the other creditors without joining them in this action.

The third factor ("whether a judgment rendered in the [other creditors'] absence would be adequate") addresses the "social interest in the efficient administration of just and the avoidance of multiple litigation." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 128 S.Ct. 2180, 2193, 171 L.Ed.2d 131 (2008). This factor also militates in favor of dismissal because proceeding in the absence of the other creditors will inevitably create more lawsuits as the creditors seek to protect their interests in the collateral.

The fourth factor ("whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder"), like the first three factors, militates in favor of dismissal because the plaintiff can easily file one state-court action in Garvin County, Oklahoma, to resolve all claims to the collateral (since all creditors have chosen to do business in Garvin County, Oklahoma, jurisdiction and venue are proper there).

GARVIN AGEE CARLTON, P.C.

By: *s/ Brett Agee*
Brett Agee, OBA # 12547
brett.agee@gaclawyers.com
P.O. Box 10
Pauls Valley, OK 73075-0010
405-238-1000
Fax: 405-238-1001
Attorneys for Defendant

### Certificate of Service

I hereby certify that on April 19, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

 James Vogt

 Tripp Scott

 Charles M. Tatelbaum

 Jerome S Sepkowitz

*s/Brett Agee*
s/Brett Agee
