**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES<br><br>      Plaintiff,<br><br>vs.<br><br>PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL<br><br>      Defendant. | Case No. CIV-18-152-SLP |

**AMENDED COMPLAINT**

Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES, by and through its undersigned counsel, sues Defendant, PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL, stating as follows:

**IDENTIFICATION OF THE PARTIES**

1. Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES ("Plaintiff") is a Texas limited liability company that maintains its principal place of business in Austin, Texas.

2. Defendant, PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL ("Defendant") is an Oklahoma public trust that maintains its principal place of business in Pauls Valley, Oklahoma.

1

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.       Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b), as Defendant resides in the Western District of Oklahoma, a substantial part of Defendant's conduct and the events giving rise to Plaintiff's claims occurred in the Western District of Oklahoma, and/or the parties have agreed that venue is proper in this Court.

## GENERAL ALLEGATIONS

5.       **Termination Agreement.**  On or about November 18, 2013, Plaintiff and Defendant entered into a series of agreements, including the EqualizeRCM Services Master Service Agreement and the Business Associate Agreement (collectively, the "Services Agreements").

6.       On or about April 11, 2017, Plaintiff and Defendant entered into that certain agreement entitled Termination Agreement (the "Termination Agreement"), whereby the Services Agreements were terminated.  Pursuant to the Termination Agreement, Defendant agreed to pay Plaintiff $336,145.91 (the "Indebtedness") for outstanding indebtedness owed under the Services Agreements.  Termination Agreement, ¶ 2.  A true and correct copy of the Termination Agreement is attached hereto as **Exhibit 1** and is incorporated by reference herein.

7. **Promissory Note and Security Agreement.**  On April 11, 2017, Plaintiff and Defendant memorialized the indebtedness owed under the Termination Agreement and entered into that certain agreement entitled Promissory Note (the "Promissory Note") in the principal amount of $336,145.91.  A true and correct copy of the Promissory Note is attached hereto as **Exhibit 2** and is incorporated by reference herein.

8. As security for the Promissory Note, on April 11, 2017, Defendant executed that certain agreement entitled Security Agreement (the "Security Agreement") in favor of Plaintiff, creating a security interest (the "Security Interest") in the property of Defendant described in Attachment 1 to the Security Agreement (the "Collateral").  A true and correct copy of the Security Agreement is attached hereto as **Exhibit 3** and is incorporated by reference herein.

9. The Security Interest was perfected by filing a UCC-1 Financing Statement with the state of Oklahoma.  A true and correct copy of the UCC-1 Financing Statement is attached hereto as **Exhibit 4** and is incorporated by reference herein.

10. **Defendant Defaults under the Promissory Note and Termination Agreement.**  Pursuant to the terms of the Promissory Note, Defendant was obligated to make payments by the date(s) specified the in the schedule of payments attached as Exhibit A to the Promissory Note.

11. Defendant failed to make the scheduled final balloon payment due on December 1, 2017.

12. In addition to the payment schedule in the Promissory Note, the Termination Agreement and Promissory Note require Defendant to immediately notify

Plaintiff of any funds received through its participation in the Upper Limit government program and within 15 days pay to Plaintiff the lesser of: (1) 50% of the amount received from the UPL program or (2) the amount necessary to pay of the entire balance owed under the Promissory Note.  Termination Agreement, ¶ 3; Promissory Note, p. 1.  Further, by the fifth day of each month, Defendant was required to provide a written report to Plaintiff setting forth the amount of UPL funds received by Defendant during the preceding month (the "UPL Reports").  *Id.*

      13.    The Termination Agreement and Promissory Note also require Defendant to immediately notify Plaintiff of any funds it collected related to certain lab tests performed at the hospital ("Lab Test Funds") and within 15 days pay to Plaintiff the lesser of: (1) 50% of the amount received from the Lab Test Funds or (2) the amount necessary to pay of the entire balance owed under the Promissory Note.  Termination Agreement, ¶ 3; Promissory Note, p. 1.  Further, by the fifth day of each month, Defendant was required to provide a written report to Plaintiff setting forth the amount of Lab Test Funds received by Defendant during the preceding month (the "Lab Test Reports").  *Id.*

      14.    Defendant failed to notify Plaintiff of any UPL funds or Lab Test Funds received, failed to remit any UPL funds or Lab Test Funds to the Plaintiff, and failed to provide UPL Reports or Lab Test Reports to Plaintiff.

      15.    As a result of the above referenced defaults, and in accordance with the terms of the Promissory Note, Plaintiff has elected to accelerate all sums due, and to declare the entire balance due under the Promissory Note to be immediately due and payable.

16. Defendant has not challenged the validity or its obligations due under the Promissory Note and Termination Agreement. Further, Defendant has admitted that its failure to remit the money owed under the Promissory Note and Termination Agreement is due to its claimed current financial distress and inability to pay. Throughout the course of dealings between the parties, the Defendant has utilized multiple tactics to stall the Plaintiff from recovering the amount due it, but during that time, the Defendant has not only not challenged the validity and extent of the obligation due, but also the Defendant's representatives and attorneys have acknowledged that the debt is due as claimed herein.

17. All conditions precedent to this action have been performed, satisfied or waived.

18. Plaintiff was forced to retain the undersigned counsel and has agreed and obligated itself to pay a reasonable fee for their services.

## **COUNT I – BREACH OF PROMISSORY NOTE**

19. Plaintiff hereby realleges and reaffirms paragraphs 1 through 18 above as if fully set forth herein.

20. Plaintiff and Defendant entered into the Promissory Note.

21. Defendant breached the Promissory Note by failing to:

    (a) Make the payments due to Plaintiff under the Promissory Note's terms;

    (b) Pay the required amount of UPL funds to Plaintiff;

    (c) Pay the required amount of Lab Test Funds to Plaintiff;.

    (d) Provide the UPL Reports to Plaintiff; and

    (e)    Provide the Lab Test Reports to Plaintiff.

22.    As a direct and proximate result of Defendant's breach of the Promissory Note, Plaintiff has been damaged.

WHEREFORE, Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES, respectfully requests that the Court enter judgment against Defendant, PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL, as follows:

    (a) Awarding Plaintiff damages in excess of $75,000, exclusive of costs, interest and attorney's fees, in an amount to be proven at trial;

    (b) Awarding Plaintiff's prejudgment and post-judgment interest on the damages it proves;

    (c) Awarding Plaintiff's attorney's fees pursuant to the terms of the Promissory Note; and

    (d) Awarding Plaintiff such other and further relief as is deemed just and proper.

## COUNT II – BREACH OF TERMINATION AGREEMENT

23.    Plaintiff hereby realleges and reaffirms paragraphs 1 through 22 above as if fully set forth herein.

24.    Plaintiff and Defendant entered into the Termination Agreement.

25.    Defendant breached the Termination Agreement by failing to:

    (a)    Pay the Indebtedness due under the Termination Agreement;

    (b)    Pay the required amount of UPL funds to Plaintiff;

  (c)  Pay the required amount of Lab Test Funds to Plaintiff;

  (d)  Provide the UPL Reports to Plaintiff; and

  (e)  Provide the Lab Test Reports to Plaintiff.

26. As a direct and proximate result of Defendant's breach of the Termination Agreement, Plaintiff has been damaged.

27. In the Termination Agreement, the Defendant acknowledged that it was obligated to the Plaintiff to pay the amount due, but, nevertheless, without any legitimate basis, the Defendant has failed and refused to pay its legally due obligation to the Plaintiff.

WHEREFORE, Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES, respectfully requests that the Court enter judgment against Defendant, PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL, as follows:

  (a) Awarding Plaintiff damages in excess of $75,000, exclusive of costs, interest and attorney's fees, in an amount to be proven at trial;

  (b) Awarding Plaintiff's prejudgment and post-judgment interest on the damages it proves;

  (c) Awarding Plaintiff's attorney's fees pursuant to the terms of the Termination Agreement; and

  (d) Awarding Plaintiff such other and further relief as is deemed just and proper.

Dated this 2nd day of May, 2018.

Respectfully submitted,

s/Jerome S. Sepkowitz
Jermone S. Sepkowitz, OBA #8081
Derryberry & Naifeh, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73102
Telephone: (405) 528-6569
Fax: (405) 528-6462
jsepkowitz@derryberrylaw.com

-and-

Charles M. Tatelbaum, Esq.
Florida Bar No. 177540
Jesse R. Cloyd, Esq.
Florida Bar No. 58388
TRIPP SCOTT, P.A.
110 S.E. Sixth Street
Fifteenth Floor
Fort Lauderdale, Florida 33301
Tel.: (954) 525-7500
Fax: (954) 761-8475
cmt@trippscott.com
jrc@trippscott.com

*ATTORNEYS FOR PLAINTIFF,
SYSINFORMATION HEALTHCARE
SERVICES, LLC d/b/a EQUALIZERCM
SERVICES*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

James W. Vogt
Charles M. Tatelbaum
Brett Agee
Jesse R. Cloyd

s/Jerome S. Sepkowitz
Jerome S. Sepkowitz
