## PROMISSORY NOTE

$336,145.91                                                                                           April 11, 2017

FOR VALUE RECEIVED, Pauls Valley Hospital Authority d.b.a. Pauls Valley General Hospital, an Oklahoma public trust, (the "Borrower") promises to pay to the order of SysInformation Healthcare Services, L.L.C. d/b/a EqualizeRCM Services], a Texas limited liability company (the "Lender"), 3267 Bee Caves Road, Suite 107-511, Austin, Texas 78746, in lawful money of the United States, the principal sum of $336,145.91 plus EqualizeRCM legal fees in the amount of $8,140 and the accrued but unpaid interest for the prior months of February and March 2017 in the amount of $10,144.18, together with interest calculated at the rate of twelve percent (12%) *per annum*. Borrower shall pay to Lender so the Lender receives the amounts as set forth on Exhibit "A" to this Note on the date specified. If any scheduled payment date falls on a weekend or a holiday, the next business day will be the date the payment is due. Late and collections fees, if any, are immediately added to principal as incurred. All payments will be applied to interest and late fees, if any, firstly, and then principal.

This Promissory Note is secured by the Security Agreement dated April 11, 2017 by and between the Borrower and the Lender (as amended, modified, waived, supplemented, or restated from time to time, the "Security Agreement"), and the obligations hereunder are secured as provided in the Security Agreement and subject to the Terms and provisions of the Security Agreement. Terms that are capitalized and used herein shall have the meanings give to them in the Security Agreement. The Borrower consents and authorizes the execution of the Security Agreement and the filing of Uniform Commercial Code Financing Statements ("UCC-1") and perfection of the security interest in the Collateral.

Upon the occurrence and continuance of any one or more of the Events of Default specified herein, the principal amount then remaining unpaid on this Note, together with any interest accrued but unpaid, may be declared to be due and payable in full. Events of Default are: (a) Borrower fails to pay any amount payable under this Note in the amount and on the date set forth in Exhibit "A" to this Note; (b) Borrower fails to timely pay the Required Payback Amounts for the UPL Funds or the Lab Test Funds received by the Borrower, as set forth in the Termination Agreement dated April 11, 2017 executed by the Borrower and the Lender; (c) Borrower fails to provide the monthly reports as required in Paragraph 3 of the Termination Agreement dated April 11, 2017 executed by the Borrower and the Lender; (d) Borrower (i) is generally not paying its debts as they become due; or (ii) takes any action for the purpose of invoking the protection of any bankruptcy or insolvency law, or any such law is invoked against or with respect to the Borrower or its property and such petition is not dismissed within 60 days; or (e) Borrower is in default under any other agreement, including but not limited to leases, contracts, or other obligations now existing or hereafter entered into with Lender or any assignee of Lender. In the event Borrower fails to make a payment when it is due as set forth on Exhibit "A" to this Note or the Required Payback Amounts, Borrower will have fourteen (14) calendar days to cure the default. After such applicable cure period, all amounts then due under the Note will be accelerated and the unpaid amount of principal and accrued and unpaid interest will be fully due and owing to the Lender.

**EXHIBIT "2"**

After default and acceleration of the indebtedness owed under the Note, the amounts due under the Note will accrue interest at the rate of one and a half percent (1.5%) per month until paid in full (the "Default Interest").

In addition, Borrower also agrees to pay Lender the sum of Fifty Dollars and 00/100 ($50.00) for any payment that is returned uncollectible by Borrower's bank.

In the event that Lender or any holder of this Note shall institute any action for the enforcement or the collection of this Note, there shall be immediately due and payable, in addition to the unpaid balance hereof, all costs and expenses of such action, including reasonable attorneys' fees and expenses and costs of court, whether incurred at trial, on appeal or in any bankruptcy proceeding.

Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand, notice of default or dishonor, notice of payment and nonpayment, notice of any default, nonpayment at maturity, release, compromise, settlement, extension, or renewal of accounts, documents, instruments, chattel paper, and guarantees held by Lender on which Borrower is liable. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew, or extend (repeatedly and for any length of time) the Loan evidenced by this Note, or release any party or guarantor or collateral; or take any other action deemed reasonably necessary by Lender without the consent of or notice to anyone; provided that any amendment to the terms of this Note shall require the written consent of the Borrower and Lender.

In the event any interest is paid on this Note, which is deemed to be in excess of the then legal maximum rate, then that portion of the interest payment representing an amount in excess of the then legal maximum rate shall be deemed a payment of principal and applied against the principal of this Note.

Oklahoma law governs this Note, without regard to principles of conflicts of law, even though for the convenience and at the request of Borrower, this Note may be executed elsewhere. Borrower and Lender each submit to the exclusive jurisdiction of the State and Federal courts applicable to Garvin County, Oklahoma; provided, however, that nothing in this Note shall be deemed to operate to preclude Lender from bringing suit or taking other legal action in any other jurisdiction to realize on the Collateral or any other security for the Loan, or to enforce a judgment or other court order in favor of Lender.

**TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BORROWER AND LENDER EACH WAIVE THEIR RIGHT TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION ARISING OUT OF OR BASED UPON THIS PROMISSORY NOTE, INCLUDING CONTRACT, TORT, BREACH OF DUTY AND ALL OTHER CLAIMS.**

NOTE, INCLUDING CONTRACT, TORT, BREACH OF DUTY AND ALL OTHER CLAIMS.

*[signature on following page]*

IN WITNESS WHEREOF, the undersigned has executed this Promissory Note this ____th day of ~~March~~April, 2017.

                PAULS VALLEY HOSPITAL AUTHORITY
                An Oklahoma public trust

                By: *[signature]*

                Name: Gary Alfred

                Title: Chairman

                Date: 4-11-2017

Exhibit A to Promissory Note

| Date | Payment | Interest | Collection Costs | Principle | Balance | Interest % |
|---|---|---|---|---|---|---|
| 1/31/2017 | | | | | $336,145.91 | 18% |
| 3/1/2017 | $0.00 | $4,807.35 | $8,140.14 | ($12,947.49) | $349,093.40 | 18% |
| 4/1/2017 | $0.00 | $5,336.83 | $0.00 | ($5,336.83) | $354,430.22 | 12% |
| 5/1/2017 | $5,000.00 | $3,495.75 | $0.00 | $1,504.25 | $352,925.97 | 12% |
| 6/1/2017 | $5,000.00 | $3,596.94 | $0.00 | $1,403.06 | $351,522.92 | 12% |
| 7/1/2017 | $5,000.00 | $3,467.08 | $0.00 | $1,532.92 | $349,989.99 | 12% |
| 8/1/2017 | $5,000.00 | $3,567.02 | $0.00 | $1,432.98 | $348,557.01 | 12% |
| 9/1/2017 | $5,000.00 | $3,552.42 | $0.00 | $1,447.58 | $347,109.43 | 12% |
| 10/1/2017 | $5,000.00 | $3,423.55 | $0.00 | $1,576.45 | $345,532.97 | 12% |
| 11/1/2017 | $5,000.00 | $3,521.60 | $0.00 | $1,478.40 | $344,054.57 | 12% |
| 12/1/2017 | $347,447.99 | $3,393.41 | $0.00 | $344,054.57 | $0.00 | |
| Total | $382,447.99 | $38,161.94 | $8,140.14 | $336,145.91 | $0.00 | |

**Notes:**

1) The Master Services Agreement, Paragraph 2(b), includes an 18% interest rate, and the new Promissory Note lowers the interest rate to 12% moving forward. The 12% interest rate is reflected in this Payment Schedule. This schedule assumes the loan paperwork will be signed on or near 04/01. Once the Promissory Note, Termination Agreement, and Security Agreement are signed, the interest rate will be reduced from 18% to 12% going forward as set forth in the Promissory Note.

2) Paragraph 2(b) of the Master Services Agreement states that PVHA will pay for any collections costs, including legal fees. The legal collections fees through February is $8,140.14.

3) Interest charges and collections costs may vary based upon when payments are received or other variances from the payment plan.

4) Above dates are assumed to be the dates on which ERCM receives the payment.