IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZER CM SERVICES,<br><br>   Plaintiff,<br><br>v.<br><br>PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL<br><br>   Defendant. | Case No. CIV -18-152-SLP |

# ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

### ANSWER

Defendant:

1. Admits paragraph 1 of the Amended Complaint.

2. Admits paragraph 2 of the Amended Complaint.

3. Admits paragraph 3 of the Amended Complaint.

4. Admits paragraph 4 of the Amended Complaint.

5. Admits paragraph 5 of the Amended Complaint.

6. Admits paragraph 6 of the Amended Complaint.

7. Admits paragraph 7 of the Amended Complaint.

8. Admits paragraph 8 of the Amended Complaint.

9. Admits paragraph 9 of the Amended Complaint.

10. Admits paragraph 10 of the Amended Complaint.

11. Admits paragraph 11 of the Amended Complaint.

12. Admits paragraph 12 of the Amended Complaint.

13. Admits paragraph 13 of the Amended Complaint.

14. Denies paragraph 14 of the Amended Complaint in part because, as of the date of this Answer, defendant has received no funds through its participation in the Upper Limit government program. Defendant has received lab funds, but dispute they are owed to plaintiff for the reason that the provision in the Termination Agreement relating to lab funds was the product of fraud in the execution said agreement.

15. Denies paragraph 15 because defendant denies that the plaintiff was entitled to declare the entire balance due before maturity.

16. Denies paragraph 16 of the Amended Complaint.

17. Observes that paragraph 17 is a legal conclusion which requires no response from the defendant. Alternatively, to the extent a response is required, defendant denies paragraph 17 of the Amended Complaint.

18. Denies that plaintiff was forced to retain the counsel who signed the Amended Complaint, and is without sufficient information to admit or deny the remainder of paragraph 18 of the Amended Complaint.

19. Admits that, in paragraph 19 of the Amended Complaint, the plaintiff realleges and reaffirms its previous allegations, but defendant responds to such realleging and reaffirming in the same manner as set forth above.

20. Admits paragraph 20 of the Amended Complaint.

21. Denies paragraph 21 of the Amended Complaint, except as set forth in answer to paragraph 11 of the Amended Complaint.

22. Denies paragraph 22 of the Amended Complaint.

23. Admits that, in paragraph 23 of the Amended Complaint, the plaintiff realleges and reaffirms its previous allegations, but defendant responds to such realleging and reaffirming in the same manner as set forth above.

24. Admits paragraph 24 of the Amended Complaint.

25. Denies paragraph 25 of the Amended Complaint, except as set forth in answer to paragraph 11 of the Amended Complaint.

26. Denies paragraph 26 of the Amended Complaint.

27. Denies paragraph 27 of the Amended Complaint.

28. Because of the plaintiff's actions as described in the Counterclaim below, the plaintiff's claim is barred by laches and equitable estoppel.

29. The defendant is entitled to offset its claims (as set forth in the Counterclaim below) against the plaintiff's claims.

30. Despite the fact that the defendant has set forth two separate "counts" and two separate prayers for relief, the plaintiff is not entitled to a double recovery against the plaintiff.

## COUNTERCLAIM

1. As alleged in the Termination Agreement (Doc. 22-1), the parties entered into a Master Services Agreement ("MSA") on November 18, 2013.

2. Under the MSA, plaintiff was obligated to provide certain services to defendant, including the processing claims with health insurers, Medicare, Medicaid, and other third-party payers and other actions needed to collect defendant's accounts receivable.

3. Plaintiff breached the MSA by failing to adequately perform its obligations under the MSA. Plaintiff's breaches included:

   a. Allowing time limits for filing claims to pass without having properly filed claims with third-party payers.

   b. Improper posting of payments.

   c. Failure to adjust accounts as required by applicable regulations and/or contracts with third-party payers.

   d. Failure to identify, process and refile claims which were rejected for insufficient information and other problems that could have been cured.

   e. Failure to identify and attempt to collect remaining account balances after all funds due from third-party payers have been collected.

4. Plaintiff's breach has caused the defendant to suffer lost income and additional expenses in excess of $75,000 (the exact amount of which is not currently known).

5. As provided in paragraph 4 of the Termination Agreement (Doc. 22-1), defendant reserved its right to assert its claims against the plaintiff.

Defendant therefore demands judgment against the plaintiff for its damages, which are in excess of $75,000, together with interest and costs (including a reasonable attorney fee), and for such further relief as the defendant may be entitled.

GARVIN AGEE CARLTON, P.C.

By: *s/Brett Agee*
Brett Agee, OBA # 12547
brett.agee@gaclawyers.com
P.O. Box 10
Pauls Valley, OK 73075-0010
405-238-1000
Fax: 405-238-1001
Attorneys for Defendants

JURY TRIAL DEMANDED.

**CERTIFICATE OF SERVICE**

✓ I hereby certify that on May 14, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Jesse R. Cloyd
    Jerome S. Sepkowitz
    Charles M. Tatelbaum

*s/Brett Agee*
s/Brett Agee
