IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZER CM SERVICES,<br><br>　　Plaintiff,<br><br>v.<br><br>PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL,<br><br>　　Defendant. | Case No. CIV -18-152-SLP |

**DEFENDANT'S MOTION FOR REOPENING OF CASE, ENFORCEMENT OF SETTLEMENT AGREEMENT, AND ATTORNEY FEES AND EXPENSES AND BRIEF IN SUPPORT**

Pauls Valley General Hospital ("Defendant") moves the court to:

1. Reopen this case,

2. Enforce the settlement agreement reached by the parties, by entering the judgment agreed to by the parties, and

3. Grant the Defendant an award of attorney fees and expenses for the fees and expenses incurred in enforcing the settlement agreement.

### FACTS

This matter was settled through an exchange of emails (**Exhibit 1**) between opposing counsel in this case. However, Sysinformation Healthcare Services, LLC ("Plaintiff") has now

DEFENDANT'S MOTION FOR REOPENING OF CASE, ENFORCEMENT OF SETTLEMENT AGREEMENT, AND ATTORNEY FEES AND EXPENSES, AND BRIEF IN SUPPORT

PAGE | 1

apparently decided that it no longer desires to proceed with the settlement agreement (**see p. 1 of Exhibit 1**), which provides for the entry of a consent judgment with certain terms.

ARGUMENTS AND AUTHORITIES

**PROPOSITION 1: THIS CASE SHOULD BE REOPENED SO THAT THE COURT CAN ENTER AN ORDER REQUIRED TO OBTAIN A FINAL DETERMINATION OF THE LITIGATION.**

This Court's July 25, 2018, Administrative Closing Order (Doc. 30) provides that the "[c]lerk administratively terminate this action in her records without prejudice to the rights of the parties to file a consent judgment or to reopen the proceeding for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation. If the parties have not filed their consent judgment or reopened this case within 60 days of this date for the purpose of dismissal pursuant to the settlement compromise, Plaintiff's action shall be deemed to be dismissed." Therefore, the Administrative Closing Order provides that the case can be reopened no later than September 24, 2018. Since this Motion to reopen the case is timely, this case should be reopened to finalize purposes designated in the settlement agreement between the parties (**Exhibit 1**).

**PROPOSITION 2: THE SETTLEMENT AGREEMENT SHOULD BE ENFORCED BY ORDERING THE PLAINTIFF TO HONOR THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES.**

It has been uniformly held that settlement of disputes is to be favored by the courts.  *See Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 69 S.C.. 296, L.Ed. 242 (1948).  It has also been uniformly held that a court has the inherent power to summarily enforce settlement agreements entered into in pending actions.  *Akassy v. William Penn Apartments Ltd. P'ship*, 891 A.2d 291, 303 (D.C. 2006); and *Reid v. Graybeal*, 437 F.Supp. 24 (W.D. Okla. 1977).

In *Cummins Diesel Michigan, Inc. v. The Falcon*, 305 F.2d 721 (7th Cir. 1962), the trial court found that all the parties to the action had agreed upon a settlement, and entered judgment in accordance with the terms of the settlement in spite of one party's attempt to repudiate the settlement agreement. The appellate court, in affirming the trial court's actions, stated:

> Federal and State Courts have held under a great variety of circumstances that a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the court.

*Id*. at 723; and *U.S., for Use of Harter Concrete Prod., Inc. v. Buckner & Moore, Inc.*, 505 F. Supp. 409, 410 (W.D. Okla. 1979).

A settlement agreement can be enforced even though it was not entered into before, or approved by, the court. *See Good v. Pennsylvania R. Co.*, 384 F.2d 939 (3rd Cir. 1967); and *Mainline Theaters, Inc. v. Paramount Film Distributing Corp.*, 298 F.2d 801 (3rd Cir. 1962). In this case, the agreement should be enforced. In *Tracey, et al. v. Norvell*, 196 P. 929 (Okla. 1921), the syllabus by the court states:

> Voluntary settlements are so favored that, if a doubt or dispute exists between the parties with respect to their rights, and all have the same knowledge or means of obtaining knowledge concerning the circumstances involving their rights, and there is no fraud, misrepresentation, concealment, or other misleading incident, ***a compromise voluntarily entered into must stand and be enforced***, although the disposition made by the parties in their agreement may not be that which the Court would have decreed, had the controversy been brought before it for a decision.

(emphasis added). Clearly, the law does not allow the Plaintiff to avoid the settlement agreement which it has voluntarily made. In this case, the agreement was made by counsel for both parties.

**PROPOSITION 3: THIS COURT SHOULD GRANT THE PLAINTIFF AN AWARD OF ATTORNEY FEES AND EXPENSES INCURRED IN ENFORCING THE SETTLEMENT AGREEMENT.**

The Plaintiff's breach of this agreement has resulted in further expenses to the Defendant and its counsel in the way of attorney fees which were incurred solely as the result of the Plaintiff's failure consummate the settlement agreement.  These expenses would not have been incurred but for the Plaintiff's refusal.

In a case such as this, the Court clearly has power to grant an award of attorney fees against the Plaintiff.  For example, Oklahoma statutes clearly allow attorney fees in cases of this type, even in the absence of a provision in the contracts.  12 OKLA. STAT. § 936. Furthermore, trial courts have "inherent equitable power" to award attorney fees "when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason." *City National Bank & Trust Co. v. Owens*, 565 P.2d 4, 7 (Okla. 1977); and *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2004 OK 25, ¶ 13, 94 P.3d 25, 29. The amount of attorneys' fees and expenses will not be fully known until the agreed judgment is entered, so Defendant requests that it be allowed to submit, within 15 days of the entry of the judgment in this case, an itemized statement of attorneys' fees and expenses incurred in enforcing the settlement agreement.

### Conclusion

For the foregoing reasons, this case should be reopened, and the agreed judgment should be entered pursuant to the settlement agreement between the parties.  Furthermore, the Defendant should then be allowed to submit an itemized statement of attorneys' fees and expenses incurred in enforcing this agreement, and the Plaintiff should then be ordered to pay those attorneys' fees and expenses (assuming they are found reasonable by the Court).

GARVIN AGEE CARLTON, P.C.

By: _/s/ Brett Agee_____
Brett Agee, OBA # 12547
brett.agee@gaclawyers.com
P.O. Box 10
Pauls Valley, OK 73075-0010
405-238-1000
Fax: 405-238-1001
Attorneys for Defendant

CERTIFICATE OF SERVICE

✓ I hereby certify that on September 24, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jesse R. Cloyd
Jerome S. Sepkowitz
Charles M. Tatelbaum

        s/Brett Agee_____
        Brett Agee