**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

SYSINFORMATION HEALTHCARE
SERVICES, LLC d/b/a EQUALIZERCM
SERVICES

       Plaintiff,

vs.

PAULS VALLEY HOSPITAL
AUTHORITY d/b/a PAULS VALLEY
GENERAL HOSPITAL

       Defendant.
_____/

CASE NO. CIV-18-00152-SLP

**SYSINFORMATION HEALTHCARE SERVICES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REOPENING OF CASE, ENFORCEMENT OF SETTLEMENT AGREEMENT, AND ATTORNEY FEES AND EXPENSES AND BRIEF IN SUPPORT**

Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES ("SysInformation"), responds in opposition to *Defendant's Motion for Reopening of Case, Enforcement of Settlement Agreement, and Attorney Fees and Expenses and Brief in Support* (the "Motion to Enforce") [ECF No. 31], filed by Defendant Pauls Valley Hospital Authority ("Pauls Valley"), and in support states:

**RELEVANT BACKGROUND**

1. **The Complaint.** On February 15, 2018, SysInformation filed the Complaint, which was amended on May 2, 2018, with the filing of the Amended

Complaint, which seeks damages against Pauls Valley due to its breaches under the Promissory Note and Termination Agreement.

2. On May 14, 2018, Pauls Valley filed its Answer to Amended Complaint and Counterclaim [ECF No. 23].

3. On May 30, 2018, SysInformation filed *SysInformation Healthcare Services, LLC's Motion to Dismiss Counterclaim and Brief in Support,* which seeks to dismiss the counterclaim on the basis that if fails to state a claim and that the alleged claim was previously released by Pauls Valley.

4. **Settlement Discussions.** On or about July 12, 2018, Charles Tatelbaum, as counsel for SysInformation, provided a preliminary settlement proposal, via email, to Brett Agee, counsel for Pauls Valley, which offered to settle the matter by virtue of the entry of a consent judgment (in an amount to be later determined). As part of the proposal, SysInformation would forbear from taking action to collect on the consent judgment as long as the ongoing sale process for the assets of Pauls Valley was still pending. Additionally, the settlement proposal requested that upon the closing of any sale transaction for the assets of Pauls Valley, SysInformation would be paid according to its lien position. The email correspondence, dated July 12, 2018, between Mr. Tatelbaum and Mr. Agee, is attached hereto as **Exhibit 1**.

5. On July 15, 2018, Mr. Tatelbaum provided a follow-up settlement proposal, whereby SysInformation proposed that the total amount of the consent

judgment would be $396,000.00. The email correspondence, dated July 15, 2018, between Mr. Tatelbaum and Mr. Agee, is attached hereto as **Exhibit 2**.

6. On July 25, 2018, in an email from Mr. Agee to Mr. Tatelbaum, Pauls Valley provided a counter settlement offer and requested that SysInformation release all of its security interests in the assets of Pauls Valley. The email correspondence, dated July 25, 2018, between Mr. Tatelbaum and Mr. Agee, is attached hereto as **Exhibit 3**.

7. On July 25, 2018, in an email from Mr. Tatelbaum to Mr. Agee, SysInformation agreed that SysInformation would agree to release its liens on the assets of Pauls Valley if the parties could reach agreement on the pertinent settlement documents. The email correspondence, dated July 25, 2018, between Mr. Tatelbaum and Mr. Agee, is attached hereto as **Exhibit 4**.

8. On July 25, 2018, the Court entered its *Administrative Closing Order* [ECF No. 30], which administratively terminated this action and provided the parties 60 days to file the proper settlement documents closing this matter.

9. The parties were unable to reach agreement upon the material terms of a settlement agreement; in fact, the parties did not exchange a single draft of a settlement agreement which contained all the material terms of settlement.

10. On September 24, 2018, Pauls Valley filed the Motion to Enforce, which seeks to enforce the terms of a non-existent settlement between the parties.

## ANALYSIS

11.     A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *Shoels v. Klebold,* 375 F.3d 1054, 1060 (10th Cir.2004).

12.     "In Oklahoma the law of contracts governs settlement agreements." *Berry v. Maschhoffs, Inc.*, No. CIV-11-762-C, 2011 WL 5188932, at *1 (W.D. Okla. Nov. 1, 2011). "Oklahoma contract law requires that (1) the parties are able to form a contract, (2) they mutually assent (3) to a lawful thing, and (4) there is adequate consideration." *Id.*; 15 Okla. Stat. § 2.

13.     "In order that a contract may be valid, it is essential that the minds of the parties meet upon all the terms of the contract sought to be enforced, and the exact act to be done must be clear. *Frazier v. Powell*, 1934 OK 669, 169 Okla. 537, 37 P.2d 920, 923. "No contract is complete without the mutual assent of the parties to all essential elements of the agreement." *Mid-Continent Petroleum Corp. v. Russell*, 173 F.2d 620, 622 (10th Cir. 1949). "The minds of the parties must meet and unite on all essential elements before an effective contract is created." *Id.*

14.     "[W]here some of the material terms and conditions of the agreement are still unsettled and reserved for negotiations, no completed contract is created." *Id.*

15. Here, there has been no meeting of the minds between the parties sufficient to create a contract of settlement. The parties only engaged in preliminary settlement discussions, pursuant to which a very tentative framework for settlement was proposed. However, the parties never exchanged a single draft of a settlement agreement, and failed to agree upon, or even discuss, many of the essential and material terms of the settlement.

16. One example of a material term that remains unsettled, is the treatment of SysInformation's security interest in the assets of Pauls Valley. Pursuant to the settlement proposed by SysInformation, as evidenced by the July 12, 2018, email from Mr. Tatelbaum to Mr. Agee, SysInformation stated that under the settlement it would retain its lien on the assets of the Pauls Valley and would be treated in any sale transaction in accordance with its legal lien priority. *See* **Exhibit 1**.

17. In the subsequent correspondence from Pauls Valley, dated July 25, 2018, Mr. Agee provided a counteroffer and requested that SysInformation, as part of the settlement, release all of its liens in the assets of Pauls Valley. *See* **Exhibit 3**.

18. On July 25, 2018, Mr. Tatelbaum responded, via email, that SysInformation would release its security interests ***only if*** the parties were able to reach agreement on the language of the settlement documents regarding the terms of the settlement. *See* **Exhibit 4**.

19. The parties did not reach an agreement on the material terms of the settlement because a settlement agreement was never even drafted by either party. The only documents pertaining to the settlement that the parties drafted, were the Stipulated

1744031v1 999113.0002

Consent Final Judgment (the "Consent Judgment") and Joint Stipulation for Entry of Consent Final Judgment (the "Stipulation"), which only serve to highlight the failure of the parties to agree on material terms of the agreement.  The Consent Judgment and Stipulation are attached hereto as composite **Exhibit 5**.  Specifically, the Consent Judgment, as drafted by SysInformation, did not include any language regarding the release of the security interests held by SysInformation.  In response, Pauls Valley requested, among other things, the inclusion of language in the Consent Judgment whereby SysInformation released its security interests upon entry of the Consent Judgment.  *See* email, dated August 6, 2018, from Mr. Agee to Jesse Cloyd, which is attached hereto as **Exhibit 6**.

20. Following the exchange of these drafts, the parties were unable to resolve these outstanding issues and reached an impasse in the negotiations.  Additionally, the parties never agreed upon, or even discussed, other material terms such as the scope of the release, timing, default provisions, liquidated damages for breach under the agreement and/or notice.

21. Accordingly, there is no enforceable settlement agreement between the parties as there was never an agreement on the material terms of the settlement.

22. Furthermore, during the course of the settlement discussions with Pauls Valley, SysInformation learned of material facts, that were in the knowledge and control of Pauls Valley, which upon learning of these facts mitigated SysInformation's entry into any settlement agreement with Pauls Valley.

WHEREFORE, Plaintiff, SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZERCM SERVICES, respectfully requests that the Court deny the Motion to Enforce.

Dated this 28th day of September, 2018.

                    Respectfully submitted,

**Derryberry & Naifeh, LLP**
*Co-Counsel for SysInformation Healthcare Services, LLC*
4800 N. Lincoln Blvd.
Oklahoma City, OK 73102
Telephone: (405) 528-6569
Fax: (405) 528-6462

By:   s/Jerome S. Sepkowitz
      Jerome S. Sepkowitz, OBA #8081
      jsepkowitz@derryberrylaw.com

-and-

**TRIPP SCOTT, P.A.**
*Co-Counsel for SysInformation Healthcare Services, LLC*
110 S.E. Sixth Street
Fifteenth Floor
Fort Lauderdale, Florida 33301
Tel.:   (954) 525-7500
Fax:   (954) 761-8475

By:  /s/ *Charles M. Tatelbaum*
      Charles M. Tatelbaum, Esq.
      Florida Bar No. 177540
      E-Mail: cmt@trippscott.com
      Jesse R. Cloyd, Esq.
      Florida Bar No. 58388
      Email:  jrc@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2018, a copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest entitled to notice.

                                                s/Jerome S. Sepkowitz

1744031v1 999113.0002