**Jesse R. Cloyd**

| | |
|---|---|
| **From:** | Charles M. Tatelbaum |
| **Sent:** | Wednesday, July 25, 2018 3:35 PM |
| **To:** | 'Brett Agee' |
| **Cc:** | 'jsepkowitz@derryberrylaw.com'; Jesse R. Cloyd |
| **Subject:** | RE: Pauls Valley Hospital litigation ★ for settlement purposes only |

Brett:

Assuming that we can reach agreement on language for a consent judgment and the consent judgment is entered in the action pending in the US District Court in Oklahoma City, my client will then release all of its security interests in the assets of PVCH.

As a result of this, at this time, there is no need for you to respond to the motion to dismiss the counterclaim.

We will work to prepare a draft of the consent judgment to submit to you very promptly.

Chuck

---

From: Brett Agee [mailto:brett.agee@gaclawyers.com]
Sent: Wednesday, July 25, 2018 12:28 PM
To: Charles M. Tatelbaum
Cc: 'jsepkowitz@derryberrylaw.com'; Jesse R. Cloyd
Subject: RE: Pauls Valley Hospital litigation ★ for settlement purposes only

Chuck,

This entire email is for settlement purposes only.

I am authorized to accept your offer provided that it includes an official release of all of your client's security interests in the assets of PVGH and a release of the UCC-1(s). Your client has already waived its security interest by deciding to pursue collection of this debt as unsecured (rather than have the federal case dismissed due to lack of necessary parties (the other security interest holders)), so now we just need an official release in order for the buyer to pledge assets so that the buyer can secure financing in order to consummate the purchase. Negotiations for the sale are ongoing, but of course the sale of this hospital is a very complex transaction, especially given the hospital's financial problems.

All of the other lienholders (including New Light) are also being asked to release their liens in order to allow this sale to happen. If any one of the lienholders balks, that will certainly kill the sale.

I would like to avoid having to finalize and file my response, so please call me as soon as possible. If you call during our noon hour, our voicemail system will answer; please press 119 to ring through to my conference room, where I will be during the noon hour.

Sincerely,

1

**EXHIBIT 4**



**BRETT AGEE**
Attorney and Counselor at Law
Admitted in Oklahoma, Colorado and Texas



101 E. GRANT AVENUE ■ P.O. BOX 10
PAULS VALLEY, OK 73075
405-238-1000 ■ FAX 405-238-1001

My legal assistant is Georgann Spivey. Whenever she may be able to assist you, please contact her at georgann.spivey@gaclawyers.com or 405-238-1000.

---

From: Brett Agee
Sent: Monday, July 16, 2018 3:40 PM
To: 'Charles M. Tatelbaum'
CC: 'jsepkowitz@derryberrylaw.com'; Jesse R. Cloyd (jrc@TrippScott.com)
Subject: RE: Pauls Valley Hospital litigation

Chuck,

You offer has been forwarded to the appropriate people. I'll let you know when I have a response.

Sincerely,

**BRETT AGEE**
Attorney and Counselor at Law
Admitted in Oklahoma, Colorado and Texas

101 E. GRANT AVENUE ■ P.O. BOX 10
PAULS VALLEY, OK 73075
405-238-1000 ■ FAX 405-238-1001

My legal assistant is Georgann Spivey. Whenever she may be able to assist you, please contact her at georgann.spivey@gaclawyers.com or 405-238-1000.

---

From: Charles M. Tatelbaum [mailto:cmt@TrippScott.com]
Sent: Sunday, July 15, 2018 8:29 PM
To: Brett Agee
CC: Jerome S. Sepkowitz ; Jesse R. Cloyd
Subject: Pauls Valley Hospital litigation

Brett:

This communication shall constitute a settlement proposal, and is, therefore, protected by Rule 408of the Federal Rules of Evidence.

In order to reach a settlement with respect to the litigation which is presently pending in the federal court in Oklahoma City, my client is willing to reach an understanding by way of a stipulated consent judgment for a discounted amount due, and, at the same time, will agree to forbear from taking any action to enforce the judgment so long as either (a) negotiations are ongoing with respect to a sale or other transfer of the hospital's assets, or (b) a sale agreement has been executed, with full and complete disclosure of all terms and conditions to my client, with the proceeds of the sale agreement to be distributed strictly in accordance with the legal priority of creditors.

Below is an approximate calculation of the balance due to my client as of this time. This amount is subject to adjustment for the continuing accrual of interest and legal fees, or if my client determines that the calculations need a minor adjustment:

    $354K   Amount owed as of 3/31/17 (from the *
    ($40K)   Payments made by PVGH
    $ 67K   Additional interest since settlement agreement
    <u>$ 15K   Additional legal cost incurred since the settlement agreement</u>
    $396K   Current amount due

   *From the 4/11/2017 Termination Agreement (and Promissory Note and Security Agreement).

My client is willing to, for the purposes of settlement discount the balance due of $396,000 by 20%, and freeze interest and attorneys' fees as of July 25, 2018.

If this proposal is acceptable in principle by your client, then a formal settlement agreement and stipulated judgment will have to be executed in order to formalize the settlement.

Chuck

**Charles M. Tatelbaum**

Director
phone  954-525-7500  |  fax 954-761-8475  |  direct 954-760-4902
110 SE Sixth Street, Suite 1500, Fort Lauderdale, FL 33301  |  www.trippscott.com
Best Place to Work  |  Florida Trend  |  South Florida Business Journal

Admitted in Florida and Maryland.
Member of the Board of Visitors of the Francis King Carey School of Law at the University of Maryland.
Contributor on bankruptcy related issues for the (New York) Observer.
Board Chair of HUF - A not-for-profit whose  mission is to empower a new generation of Americans.

**This Firm is deemed a "debt collector" under the Fair Debt Collection Practices Act.  A portion of our practice involves the collection of debt and any information obtained may be used for that purpose.**