IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYSINFORMATION HEALTHCARE SERVICES, LLC d/b/a EQUALIZER CM SERVICES,<br><br>    Plaintiff,<br><br>v.<br><br>PAULS VALLEY HOSPITAL AUTHORITY d/b/a<br>PAULS VALLEY GENERAL HOSPITAL<br><br>    Defendant. | Case No. CIV -18-152-SLP |

# FIRST AMENDED COUNTERCLAIM

### COUNT 1: NEGLIGENCE AND BREACH OF CONTRACT

1. As alleged in the Termination Agreement (Doc. 22-1), the parties entered into a Master Services Agreement ("MSA") on November 18, 2013.

2. Under the MSA, plaintiff was obligated to provide certain services to defendant, including the processing claims with health insurers, Medicare, Medicaid, and other third-party payers and other actions needed to collect defendant's accounts receivable.

3. Plaintiff breached the MSA by failing to adequately perform its obligations under the MSA. Plaintiff's breaches included:

    a. Allowing time limits for filing claims to pass without having properly filed claims with third-party payers.

   b. Improper posting of payments.

   c. Failure to adjust accounts as required by applicable regulations and/or contracts with third-party payers.

   d. Failure to identify, process and refile claims which were rejected for insufficient information and other problems that could have been cured.

   e. Failure to identify and attempt to collect remaining account balances after all funds due from third-party payers have been collected.

4. Plaintiff's breach has caused the defendant to suffer lost income and additional expenses in excess of $75,000 (the exact amount of which is not currently known).

5. As provided in paragraph 4 of the Termination Agreement (Doc. 22-1), defendant reserved its right to assert its claims against the plaintiff.

Defendant therefore demands judgment against the plaintiff for its damages, which are in excess of $75,000, together with interest and costs (including a reasonable attorney fee), and for such further relief as the defendant may be entitled.

### COUNT 2: DETERMINATION OF SECURITY INTEREST

1. On February 15, 2018, the plaintiff took intentional action on its known right in security interests in the defendant's property (see Doc. 1-3, p. 10 for a list of all property) by filing its Complaint. *See* Complaint (Doc. 1), ¶¶ 7-8 and the second page of Exhibit C of the Complaint (Doc. 1-3).

2. On April 19, 2018, the defendant filed its first Motion to Dismiss for Failure to Join Indispensable Party and Supporting Brief (Doc. 19) based on the fact that the plaintiff was claiming a security interest in defendant's property but had failed to join other creditors – such as NewLight Healthcare LLC ("NewLight") – which hold a security interest in the same property.

3. Rather than respond to the motion, and rather than have this case dismissed, the plaintiff, with full knowledge of the material facts in this case, filed an Amended Complaint (Doc. 22) omitting all claims to the collateral that were included in the original Complaint in an effort to preserve complete diversity and remain in federal court.

4. The plaintiff's intentional abandonment or relinquishment of its known right to the security interests in the collateral made NewLight no longer an indispensable party, and the Court denied defendant's motion as moot. Order (Doc. 24).

5. The plaintiff's actions were and are inconsistent with the right or intention to rely upon the rights in its security interests in the defendant's property.

6. The plaintiff's refusal to release its UCC filing of record on the defendant's property is a breach of the duty owed by the plaintiff to the defendant to remove cloud on the title of the defendant's property.

7. The plaintiff's refusal to release its UCC filing of record on the defendant's property constitutes a failure to exercise ordinary care to avoid injury to the defendant and its property.

8. The plaintiff's refusal to release its UCC filing of record on the defendant's property has been both an actual and proximate cause of the defendant's inability to refinance debt and of the closure of the defendant's hospital.

9. The plaintiff has unreasonably delayed the commencement of proceedings to enforce its claim to the defendant's property, and the defendant was materially prejudiced by this delay in that defendant has been unable to refinance debt and to continue operations of the defendant's hospital.

Defendant therefore demands judgment against the plaintiff for its damages, which are in excess of $75,000, together with interest and costs (including a reasonable attorney fee), and for such further relief as the defendant may be entitled, and declaring that the plaintiff's claimed security interests in the property owned by the defendant have been released and are no longer valid, and ordering the plaintiff to release of record its security interests in the defendant's property.

GARVIN AGEE CARLTON, P.C.

*/s/ Brett Agee*
Brett Agee, OBA # 12547
brett.agee@gaclawyers.com
P.O. Box 10
Pauls Valley, OK 73075-0010
405-238-1000
Fax: 405-238-1001
Attorney for Defendant

JURY TRIAL DEMANDED.

## CERTIFICATE OF SERVICE

✓ I hereby certify that on December 21, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

>Jesse R. Cloyd
>Jerome S. Sepkowitz
>Charles M. Tatelbaum

*/s/ Brett Agee*