IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SYSINFORMATION HEALTHCARE
SERVICES, LLC d/b/a EQUALIZER CM
SERVICES,

     Plaintiff,

v.

PAULS VALLEY HOSPITAL AUTHORITY d/b/a
PAULS VALLEY GENERAL HOSPITAL

     Defendant.

Case No. CIV -18-152-SLP

# DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 2 OF THE FIRST AMENDED COUNTERCLAIM AND SUPPORTING BRIEF

## Introduction[1]

Count 2 of Defendant's First Amended Counterclaim (Doc. 39) seeks, among other relief, a determination that the plaintiff's claimed security interests in the property owned by the defendant have been released and are no longer valid. This motion seeks partial summary judgment to that effect, based on the following facts.

The defendant filed its first Motion to Dismiss for Failure to Join Indispensable Party and Supporting Brief (Doc. 19) on April 19, 2018,[2] based on the fact that the plaintiff was claiming a security interest in defendant's assets but had failed to join other

---

[1] Numbered paragraphs containing the undisputed facts follow in the next section of this motion.
[2] Being filed following the filing of this motion is Defendant's Alternative Motion to Dismiss for Failure to Join Indispensable Party and Supporting Brief, which seeks (in the event that this motion is denied) a dismissal for the same reasons set forth in its original Motion to Dismiss (Doc. 19).

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND SUPPORTING BRIEF

creditors which hold a security interest in the same assets. Among the other creditors is one (NewLight HealthCare, LLC) which is a Texas entity (like the plaintiff in this case), which would destroy complete diversity in this case. *See* Motion (Doc. 19) at Facts 1 and 5.

Rather than respond to the motion, and rather than have this case dismissed, the plaintiff filed an Amended Complaint (Doc. 22) in which it omitted all claims to the collateral, but still asserted a claim on the debt. Thus, the Amended Complaint (Doc. 22) abandoned the plaintiff's claim to the collateral and made NewLight no longer an indispensable party, and the Court denied defendant's motion (Doc. 19) as moot. Order (Doc. 24).

Later, the details of a consent judgment (Doc. 32-5) which articulated the settlement agreement both parties had reached in principal were being finalized. This consent judgment provided "primarily that the outstanding payment due Plaintiff would reflect the sum of $316,800.00." *See* Order (Doc. 34). However, while negotiating the terms relating to lien releases in the consent judgment between the parties, the plaintiff decided not only to reevaluate whether or not it would agree to the defendant's language within the consent judgment, but also that it might "continue to pursue its rights as a junior secured creditor" (see email dated September 5, 2018, in Doc. 31-1).

The defendant then sought to have this Court reopen the case and enforce the settlement agreement. *See* Motion (Doc. 31). This Court, however, ruled that the parties never reached an enforceable settlement and that the case be reopened (Doc. 34). Now, the plaintiff wishes to pursue its former security interest in the defendant's collateral

while remaining in this Court without joining, yet again, the indispensable parties –
NewLight HealthCare, LLC (which would destroy diversity jurisdiction) and Pauls
Valley National Bank. Thus, the defendant seeks partial summary judgment holding that
the plaintiff has, by refusing to join indispensable parties and instead abandoning claims
under its security interest, waived its security interest.

### Facts

1.  The claimed basis for jurisdiction in this case is diversity (*see* Complaint (Doc.
    1), ¶ 3), with the plaintiff being a Texas LLC (*see* Complaint (Doc. 1), ¶ 1) and
    the defendant being an Oklahoma public trust (*see* Complaint (Doc.1), ¶ 2).

2.  The plaintiff is a secured creditor of the defendant, with the plaintiff claiming a
    security interest in the following collateral:



    *See* Complaint (Doc. 1), ¶¶ 7-8 and Security Agreement (Doc 1-3).

3.  The plaintiff's security interest was perfected by filing a UCC-1 Financing
    Statement. Amended Complaint (Doc. 22), ¶ 9 and UCC Financing Statement
    (Doc. 1-4), and Answer to Amended Complaint (Doc. 23), ¶ 9.

4. Another creditor of the defendant is **Newlight Healthcare, LLC**, a Texas limited liability company, which claims a security interest in all "accounts, accounts receivable, contract rights, bills, acceptances, and other forms of obligation arising out of the sale, lease or consignment of goods or the rendition of services by the Debtor." *See* UCC Financing Statement in favor of New Light (Doc 19-1). It is clear from this exhibit and exhibits attached to the Complaint (Doc. 1) that both the plaintiff and Newlight Healthcare, LLC, claim an interest in such collateral.

5. Another creditor of the defendant is **Pauls Valley National Bank** (an Oklahoma banking corporation), which claims a security interest in "All of Debtor's right, title and interest in and to all Chattel paper, contract rights, receipts and revenues assigned and pledged pursuant to a Loan Agreement dated as of December 21, 2017." *See* UCC Financing Statement in favor of Pauls Valley National Bank (Doc 19-3). It is clear from this exhibit that both the plaintiff and Pauls Valley National Bank claim an interest in such collateral.

6. Contrary to the requirement of F.R.C.P. 19(c), the plaintiff failed to name these other creditors as parties, or even to identify these other creditors and to plead the reasons for nonjoinder of these other creditors. *See* Complaint (Doc. 1).

7. In response to the Complaint (Doc. 1), defendant filed its Motion to Dismiss for Failure to Join Indispensable Party and Supporting Brief (Doc. 19).

8. Rather than respond to defendant's Motion to Dismiss (Doc. 19) and rather than have the case dismissed due to lack of complete diversity, the plaintiff filed its Amended Complaint (Doc. 22) (which asserts no claim to the collateral) and thereby abandoned claims in its security interest in the collateral in order to preserve complete diversity and remain in this Court.

9. However, the plaintiff's UCC filing has not been released of record, so it still appears of record that the plaintiff is claiming a security interest in defendant's property.

10. Accordingly, the defendant seeks a determination of whether the plaintiff has any security interest in defendant's property. *See* First Amended Counterclaim (Doc. 39), Count 2.

## Argument and Authorities

## PROPOSITION 1: THE PLAINTIFF HAS WAIVED ITS SECURITY INTEREST IN THE DEFENDANT'S ASSETS.

The plaintiff in this case waived its right to its security interests when it knowingly abandoned all claims related to the security interests of the defendant's assets in order to remain in Federal Court under diversity jurisdiction. *See* Amended Complaint (Doc. 22).

### A.  CASE HISTORY OF WAIVER IN OKLAHOMA.

In *Robberson Steel Co. v. Harrell*, 177 F.2d 12, 15 (10th Cir. 1949), the Tenth Circuit Court of Appeals detailed the elements of waiver under Oklahoma law and made clear that "[I]t is the law in Oklahoma that a waiver is the intentional relinquishment of a known right. To be operative, there must be knowledge of the existence of the right and

an intention to relinquish it." *Id.* Although the description of waiver in the *Robberson Steel* case was limited to express waiver, it also well-established that waiver may be implied. *Johnson v. E.V. Cox Constr. Co.*, 1980 OK CIV APP 30, 620 P.2d 917, 920 ("Contracting parties can expressly or implicitly waive performance violations and assent to contractually proscribed procedures").

This legal principle of waiver is further illustrated by the following definition of waiver used in the Syllabus in *Campbell v. Frye*, 145 Okla. 213, 213, 292 ¶ 7, 7. (1930): "A party to a contract may waive a right by conduct or acts which indicate an intention to relinquish it, or by such failure to insist upon it that the party is estopped to afterwards set it up against the other signatory party." See also *Westinghouse Credit Corp. v. Shelton*, 645 F.2d 869, 874 (10th Cir. 1981) (waiver may result from course of performance).

## B. THE PLAINTIFF WAIVED ITS RIGHT TO ITS SECURITY INTERESTS IN THE DEFENDANT'S ASSETS.

Here, the plaintiff's course of conduct clearly indicates that it had knowledge of, and an intention to waive, its rights in the security interests of the defendant's assets. First, the plaintiff took action on its security interests of the defendant's assets by filing its Complaint. *See* Complaint (Doc. 1), ¶¶ 7-8 and the second page of Exhibit C of the Complaint. This action indicated the plaintiff was fully aware of its rights in the security interest of the defendant's assets. Second, much like the fact patterns in *Robberson Steel* and *Campbell*, the plaintiff then intended to waive its rights. Specifically, the plaintiff's course of conduct illustrating a waiver of its security interests in the defendant's

collateral occurred when it filed an Amended Complaint (abandoning all claims to security interests in the defendant's property) in order to preserve complete diversity and remain in this Court. *See* Fact 8. At that point, the plaintiff knew that it had a choice: (1) continue pursuing its security interest which would mean that this case would be dismissed and the plaintiff would be relegated to state court, or (2) knowingly abandon its security interest in the defendant's property by in order to preserve complete diversity. It is clear from the fact that the plaintiff selected the second option that remaining in federal court was, for the plaintiff, worth giving up its security interests in the defendant's assets. This decision of the plaintiff to waive its rights in the security interests resulted in this Court ruling that the defendant's motion to dismiss for failure to join an indispensable party was moot. *See* Order (Doc. 24).

Now, the plaintiff wishes not only to pursue its waived security interest in the defendant's assets, but also to remain in federal court without joining, yet again, the indispensable parties – NewLight HealthCare, LLC and Pauls Valley National Bank. Therefore, the defendant requests that this Court order that the plaintiff's security interest in the defendant's assets has been waived as a result of the plaintiff's above-mentioned course of conduct.

In its Motion to Dismiss First Amended Counterclaim (Doc. 41), the plaintiff essentially argues that *Farmers State Bank in Afton v. Ballew*, 1981 OK CIV APP 7, 626 P.2d 337, stands for the proposition that, despite any waiver of rights, a secured creditor can revive and enforce a waived right. However, *Farmers State Bank* did not so hold, nor

did it involve any allegation of waiver; rather, it involved a creditor which vigorously pursued various remedies (*i.e.*, there was not even an argument of waiver), and that case correctly held that the creditor in that case was entitled to pursue multiple remedies. But since that case did not involve any allegation of waiver, it is inapplicable to this case.

Likewise, *O'Dell v. Kunkel's, Inc.*, 1978 OK 29, 581 P.2d 878, 880 (the only other Oklahoma case cited by the plaintiff on this issue) did not involve any allegation of waiver; rather, it involved a creditor which was vigorously attempting to enforce its lien on fixtures, and it proceeded under Oklahoma's lien laws in Title 42 rather than Title 12 (the Oklahoma Uniform Commercial Code). The Oklahoma Supreme Court held that "The U.C.C. does not preclude a creditor in the proper factual circumstances from protecting his interest in goods in more than one way." *O'Dell*, 1978 OK 29 at ¶ 12, 581 P.2d 878, 881. But that holding does not help the plaintiff in this case because the plaintiff here has not attempted to protect its interest in the defendant's property in *more than one way*; in fact, what has occurred in this case is that, beginning with the filing of the First Amended Complaint (Doc. 22), the plaintiff in this case has attempted to protect its interest in the defendant's property in *no* way, and it knowingly gave up (waived) that right in order to remain in federal court.

The plaintiff's position that it can "have its cake and eat it, too" (*i.e.*, that it can abandon its security interests the defendant's collateral in order to stay in federal court and at the same time enforce its security interests in federal court) is type of position which has been consistently rejected by the Oklahoma appellate courts. For example, where a court had dissolved a partnership and ordered partnership assets sold, a partner

(Bras) cashed a voucher for his share of the sale proceeds and then attempted to appeal the court's decision. The Oklahoma Supreme Court rejected his appeal:

> Bras needed only to appeal the trial court's actions to protect his interest. His act in cashing the voucher was voluntary and for his benefit. That act was not done in defense of and to protect his rights. As to the trial court's orders, Bras could do nothing more than object and appeal. As to the voucher, Bras could accept or refuse. This was his choice.
>
> Bras argues the language in the endorsement saves his appeal. We do not agree. He did two inconsistent acts. He accepted the fruits of the judgment, but also sought to repudiate the judgment. Bras would accept the benefits accruing to him under the judgment but would deny the rights flowing to his adversary under the judgment. He cannot "have his cake and eat it too." He cannot save his cake by protesting the flavor and at the same time eating it. This would not be fair or just.

*Bras v. Gibson*, 1974 OK 148 at ¶¶ 8 and 9, 529 P.2d 982, 983–84. *Accord*, *Adams v. Unterkircher*, 1985 OK 96 at ¶ 8, 714 P.2d 193, 196 (in which the Oklahoma Supreme Court characterized reaping the benefit of a waiver and then repudiating the waiver as "fatally inconsistent").

The foregoing language from *Bras* can be paraphrased thusly to fit the plaintiff's actions in this case:

> The plaintiff did two inconsistent acts. It accepted the fruits of abandoning its security interests (being allowed to remain in federal court), but also sought to repudiate the abandonment by attempting to enforce its abandoned security interests. The plaintiff would accept the benefits accruing to it under the abandonment but would deny the rights flowing to his adversary – the right to have the case dismissed for failure to join an indispensable party. The plaintiff cannot 'have its cake and eat it too.' It cannot save its cake by protesting the flavor and at the same time eating it. This would not be fair or just.

GARVIN AGEE CARLTON, P.C.

By:  *Brett Agee*
    Brett Agee, OBA # 12547
    brett.agee@gaclawyers.com
    P.O. Box 10
    Pauls Valley, OK 73075-0010
    405-238-1000
    Fax: 405-238-1001
    Attorney for Defendant

### Certificate of Service

I hereby certify that on January 25, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

James Vogt
Tripp Scott
Charles M. Tatelbaum
Jerome S Sepkowitz

*s/Brett Agee*
s/Brett Agee