**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SYSINFORMATION HEALTHCARE, SERVICES, LLC d/b/a EQUALIZER CM SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>PAULS VALLEY HOSPITAL AUTHORITY, d/b/a PAULS VALLEY GENERAL HOSPITAL,<br><br>Defendant. | ) | Case No. CIV-18-152-SLP |

**O R D E R**

Before the Court are the following motions: (1) Plaintiff's Motion to Dismiss First Amended Counterclaim and Brief in Support [Doc. No. 41]; (2) Defendant's Motion for Partial Summary Judgment [Doc. No. 42]; and (3) Defendant's Alternative Motion to Dismiss for Failure to Join an Indispensable Party [Doc. No. 44]. The motions are fully briefed and ready for determination.

## I. Introduction

Plaintiff alleges in this action that Defendant has breached the terms of a promissory note (Note) and a termination agreement (Termination Agreement). Defendant has filed a counterclaim for negligence and breach of contract alleging Plaintiff has breached the terms of a Master Services Agreement (MSA) and failed to adequately perform its obligations under the MSA. Defendant further seeks a "determination of security interest"

and alleges by the filing of an amended complaint in this action, Plaintiff has waived any security interest in defendant's property.

On or about November 18, 2013, the parties entered into the MSA. Plaintiff alleges Defendant breached the MSA by failing to timely make payments due thereunder and by prematurely engaging a new vendor contrary to the provisions of the MSA designating Plaintiff as the exclusive billing and collections servicer. Thereafter, on April 11, 2017, the parties entered into a Termination Agreement which terminated the MSA effective November 18, 2016. Under the terms of the Termination Agreement, Defendant admitted that it owed $336,145.91 to Plaintiff under the MSA and agreed to pay that amount. The parties also executed a Promissory Note in the principal amount of $336,145.91. Plaintiff has sued Defendant for breach of the Termination Agreement and the Promissory Note. Defendant has filed a First Amended Counterclaim [Doc. No. 39] against Plaintiff. Defendant brings counterclaims for: (1) breach of contract; (2) negligence; and (3) determination of security interest.

Plaintiff moves to dismiss Defendant's counterclaims. Conversely, Defendant moves for partial summary judgment in its favor on its counterclaim for determination of security interest. In the alternative, Defendant moves for dismissal of the First Amended Complaint for failure to join certain creditors of Defendant as indispensable parties.

## II. <u>Discussion</u>

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the

complaint as true and construes them in the light most favorable to the plaintiff. *Id*. "[W]hen the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**A. Dismissal of Defendant's First Amended Counterclaim**

**1. Breach of Contract**

Defendant alleges Plaintiff breached the MSA by: (1) allowing time limits for filing claims to pass without having properly filed claims with third parties; (2) improper posting of payments; (3) failure to adjust accounts as required by applicable regulations and/or contract with third-party payors; (4) failure to identify, process and refile claims which were rejected for insufficient information and other problems that could have been cured; (5) failure to identify and attempt to collect remaining account balances after all funds due from third-party payors have been collected. *See id*., at 1-2. Defendant seeks damages in an unspecified amount, but in excess of $75,000.

Plaintiff argues Defendant's allegations are deficient and fail to provide Plaintiff with fair notice of the claim brought against it. As Plaintiff points out, "[t]here are no allegations of when, how, or under what circumstances the alleged breaches occurred." Pl.'s Mot. at 7. The Court agrees. Defendant's allegations are overly vague and fail to put Plaintiff on notice of the scope of the breach of contract claim brought against it or the resulting damages. Dismissal of the claims is proper on this basis.

The Court further finds any amendment would be futile.[1] As Plaintiff further argues, the Termination Agreement includes a release which bars any breach of contract claims Defendant purports to bring under the MSA. The release includes broad language and each party agrees to release the other from "all claims" that "relat[e] to arise[e] from, or in any way concern[]" the MSA. *See* Termination Agreement, [Doc. No. 1-1], ¶ 4. The release further provides, however, that it does not prevent "any counterclaim [Defendant] may assert in response to any claim or cause of action initiated by [Plaintiff] . . . ." *Id.* The Termination Agreement further provides that the parties agrees to "refrain from directly or indirectly asserting any claim or demand . . . based upon or arising out of any released claim" but that the parties are not precluded from "enforc[ing] performance under th[e] [Termination] Agreement. . . ." *Id.*, ¶ 5.

The Court finds the release bars Defendant's counterclaim for breach of contract. The counterclaim specifically alleges breach of the MSA and Defendant released such claims under the Termination Agreement. Defendant excerpts portions of the release to

---

[1] Notably, Defendant has not sought leave to amend the counterclaim.

contend it reserved its rights to bring the breach of contract claim, but when the Termination Agreement is read in its entirety, the Court finds the Termination Agreement bars the breach of contract claim Defendant purports to bring.

### 2. Negligence

Plaintiff also seeks dismissal of Defendant's negligence counterclaim. The word "negligence" is included as part of the heading of Count 1: "Negligence and Breach of Contract." *See* First Am. Countercl. at 1. Defendant alleges Plaintiff breached the MSA "by failing to adequately perform its obligations under the MSA." *Id*.

Plaintiff contends Defendant has failed to allege facts sufficient to establish a right to relief under a negligence theory. *See, e.g., Fargo v. Hays-Kuehn*, 352 P.3d 1223, 1227 (Okla. 2015) (three elements of a negligence action are: (1) a duty owed by the defendant to protect plaintiff from injury; (2) failure to fulfill that duty and (3) injuries to plaintiff proximately caused by the defendant's failure to meet the duty). In response, Plaintiff relies upon the allegations in support of the breach of contract claim and contends under Oklahoma law, the MSA creates the duty owed to Defendant. *See, e.g., Abercrombie & Fitch Stores, Inc. v. Penn Square Mall Ltd. P'ship*, 425 P.3d 757, 761-62 (Okla. Civ. App. 2018) (recognizing that the duty of care required to assert a claim for negligence may arise from a contractual relationship).

Although the MSA may create a duty of care, Defendant alleges insufficient facts to support the remaining elements of a negligence claim. As set forth, the Court finds dismissal of Defendant's breach of contract claim is warranted due to the vague nature of the supporting factual assertions alleged in the Complaint. Because Defendant relies upon

identical allegations for its negligence counterclaim, that claim necessarily fails for the same reason.

### 3. Determination of Security Interest

Plaintiff further seeks dismissal of Defendant's counterclaim for "determination of security interest." *See* First Am. Countercl. at 2-4. Defendant seeks a determination that Plaintiff has waived its security interests in Defendant's property. Defendant alleges that by filing an amended complaint in this action and omitting any claim to foreclose on Defendant's collateral, Plaintiff has intentionally abandoned its security interest in the collateral.

In moving for dismissal, Plaintiff argues that under Article 9 of the Oklahoma Uniform Commercial Code, it may elect to proceed under a claim for breach of the Termination Agreement and Promissory Note without waiver of any other rights or remedies. Plaintiff contends it can exercise its remedies against Defendant in cumulative fashion and, therefore, Defendant's waiver argument fails as a matter of law.

Under the Oklahoma Uniform Commercial Code, a secured party "may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure" and these remedies "are cumulative and may be exercised simultaneously." Okla. Stat. tit. 12A, §§ 1-9-601(a)(1) and (c). Plaintiff is correct that it is "not required to elect one remedy to the exclusion of all others" but instead may "pursue one, then another" or even "pursue more than one at the same time." *Farmers State Bank in Afton v. Ballew*, 626 P.2d 337, 340 (Okla. Civ. App. 1981); *see also In re Kuhn*, 408 B.R. 528, 531-32 (D. Kan. 2009) (interpreting similar provisions

under Kansas law and recognizing that "most courts" have construed these provisions "to mean that the secured party may pursue alternative remedies, and a secured party's lien remains valid after it has obtained an in personam judgment, even though it did not foreclose its lien") (citing cases); *Fleming v. Carroll Publ'g Co*., 621 A.2d 829, 834 (D. C. App. 1993) (interpreting U.C.C. Article 9 and stating: "a secured creditor does not waive its rights in collateral by initially suing on the debt instead of seeking immediate repossession" and noting that Article 9's provision for "cumulative" remedies "abolished the old common law doctrine of election of remedies"). Defendant's attempt to distinguish *Farmers* in unavailing as Defendant ignores the governing statutory provisions. Plaintiff, therefore, is entitled to dismissal of Defendant's counterclaim seeking a "determination of security interest" on grounds of waiver.

**B. Defendant's Motion for Partial Summary Judgment/ Motion to Dismiss for Failure to Join an Indispensable Party**

As set forth, Defendant moves for partial summary judgment in its favor on its counterclaim for determination of security interest. Defendant's Motions are based upon the same waiver argument addressed above. Because the Court finds that argument lacks merit and that dismissal of the counterclaim is proper, the Court denies Defendant's Motion as moot. This ruling also renders moot Defendant's Alternative Motion to Dismiss for Failure to Join an Indispensable Party.

**III. <u>Conclusion</u>**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss First Amended Counterclaim and Brief in Support [Doc. No. 41] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment [Doc. No. 42]; and (3) Defendant's Alternative Motion to Dismiss for Failure to Join an Indispensable Party [Doc. No. 44] are DENIED as MOOT.

IT IS SO ORDERED this 12th day of July, 2019.

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**